UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN TARRATS, | : | |
|     Petitioner, | : | |
| | : | No. 5:15-cr-00592-4 |
| v. | : | No. 5:20-cv-02917 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

**O P I N I O N**
Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 318 – Denied

**Joseph F. Leeson, Jr.**      **March 12, 2025**
**United States District Judge**

    Petitioner Ruben Tarrats pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), conspiracy, and aiding and abetting. He filed a counseled Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 seeking relief pursuant to *Davis*, which held that § 924(c)(3)(B), the "residual clause," is unconstitutionally vague. Because Tarrats' completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), the "elements clause," the Motion to Vacate is denied.

**I.**     **STANDARD OF REVIEW**

    Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that

the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

## II.     BACKGROUND

Ruben Tarrats pled guilty to numerous offenses arising from his participation in a string of armed robberies of businesses in Allentown, Pennsylvania. Specifically, he pled guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); five counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2; and one count of using and carrying a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2. In all five robberies, Tarrats entered the store armed with a firearm. *See* Presentence Report. In each robbery, either Tarrats or one or more of his co-defendants pointed a firearm(s) at a store employee, they stole money, and split the proceeds. *See id.* Tarrats was sentenced to one hundred fifty-six (156) months on the conspiracy and robbery counts and to a consecutive eighty-four months on the § 924(c) count.

Tarrats filed a Motion to Vacate sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction is unconstitutional pursuant to *Davis*. *See* Mot. ECF No. 318. He acknowledges that the "predicate for the 924(c) conviction is Hobbs Act robbery." *See id.* at 6. Although the motion was filed more than a year after his conviction became final, the motion was filed within one year of the decision in *Davis* and is therefore timely. *See* 28 U.S.C. § 2255(f)(3). A decision on the Motion was stayed pending litigation in the Third Circuit Court of Appeals as to whether Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c). *See* ECF Nos. 322, 373.

Tarrats, through counsel, has since filed a Motion to Lift Stay and Notice of Authority stating that in *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023), the Third Circuit Court of Appeals held that a completed Hobbs Act robbery has an element of force and thereby qualifies as a "crime of violence" under § 924(c), which governs Tarrat's § 2255 motion. *See* ECF Nos. 385-386.[1]  The Government has also since filed a Response in Opposition to the Motion to Vacate stating that *Stoney* forecloses relief for Tarrats. *See* ECF No. 391.

Tarrats, acting pro se, filed two motions for leave to amend or supplement his Motion to Vacate. *See* ECF Nos. 379, 401.  In these motions, he cites to the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), which held that an attempted Hobbs Act robbery is not a crime of violence.  Tarrats contends that his case "matches exactly" to Taylor's case. *See* ECF No. 379.  He suggests that counsel is ineffective for failing to raise the *Taylor* argument. *See* ECF No. 401.  The Government filed a response arguing that Tarrats' arguments are baseless because he was convicted of a completed Hobbs Act robbery. *See* ECF No. 402.

### III.   ANALYSIS

Section 924(c) provides for enhanced penalties for anyone who uses a firearm "during and in relation to any crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A).  "Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence." *Stoney*, 62 F.4th at 110-11.  However, "it is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998).  The statute defines "crime of violence" as follows:

an offense that is a felony and—

---

[1]   The same Motion/Notice was docketed twice.

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection A is known as the "elements clause" and subsection B is known as the "residual clause." The Supreme Court in *Davis* held that the "residual clause" is unconstitutionally vague.

*Davis* does not afford Tarrats any relief in the above-captioned action because his conviction for a completed Hobbs Act robbery satisfies the "elements clause" of § 924. *See Stoney*, 62 F.4th at 112 (finding that the defendant, who used a loaded gun during a holdup while he and his codefendants stole more than $8,000 from a restaurant was a "completed Hobbs Act robbery" that "has as an element the . . . use of physical force against the person . . . of another" (quoting 18 U.S.C. § 924(c)(3)(A))). The Motion to Vacate is therefore denied.

Additionally, this Court denies Tarrats' motions to amend or supplement his Motion to Vacate because his reliance on *Taylor* is misplaced. Tarrats' § 924(c) conviction was not based on the conspiracy in Count 1 as he suggests, but on the completed Hobbs Act robbery in Count 10. *See* Super. Indict. at Count 12. During the robbery charged in Count 10, Tarrats entered the M&J Market with his co-defendant, each of them wearing masks and brandishing a loaded firearm. *See* Presentence Report; Super. Indict. ¶¶ 34-35, ECF No. 24. His co-defendant pointed a firearm at the cashier and took cash from the register, and Tarrats stopped a customer at gunpoint and took cash from the customer. *See id.* The elements of this Count, to which Tarrats admitted include "unlawfully taking . . . personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury. . . ." *See* 18 U.S.C. § 1951(b). This stands in stark contrast to Taylor where "[s]imply put, no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to

use, or threatened to use force." *See Taylor*, 596 U.S. at 852. Accordingly, the supplemental arguments lack merit and leave to amend is denied. *See In re Desilien*, No. 23-12187, 2023 U.S. App. LEXIS 19273, at *4 (11th Cir. July 26, 2023) (denying leave to file a successive 2255 petition because the defendant's "§ 924(c) conviction . . . was not based on his conspiracy to commit Hobbs Act robbery offense, but rather, was based on his conviction . . . for Hobbs Act robbery").

## IV.  CONCLUSION

Tarrats is not entitled to relief under *Davis* because he committed a completed Hobbs Act robbery, which served as a predicate crime of violence for his conviction under § 924(c). For this reason, his supplemental arguments based on *Taylor* lack merit and leave to amend is denied. The Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied and there is no basis for the issuance of a certificate of appealability.[2]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, reasonable jurists would not find this Court's assessment of the claim debatable or wrong. *See United States v. Colon*, No. 05-563, 2024 U.S. Dist. LEXIS 160305, at *1-3 (E.D. Pa. Sep. 6, 2024) (finding no basis to issue a COA because the holding in *Stoney* foreclosed the petitioner's ability to argue that a completed Hobbs Act robbery could not serve as a predicate crime of violence for a conviction under § 924(c)).